08-4041-cr
United States v. Nogbou

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of March, two thousand ten.

PRESENT: DENNIS JACOBS,
                <u>Chief Judge</u>,
      GERARD E. LYNCH,
                <u>Circuit Judge</u>,
      JANE A. RESTANI[*],
                <u>Judge</u>.

- - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
    <u>Appellee</u>,

    -v.-                              08-4041-cr

RODOLPHE NOGBOU,
    <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANT:**    DANIEL M. PEREZ, The Law Offices of Daniel M. Perez, Newton, NJ; Brian Sheppard, New Hyde Park, NY; Rodolphe Nogbou, <u>pro se</u>, McElhattan, PA.

---

[*] The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

**APPEARING FOR APPELLEES:**     JOHN P. CRONAN (Diane Gujarati on the brief) on behalf of Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Keenan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Rodolphe Nogbou appeals from a judgment of conviction entered after a jury found him guilty of assaulting a federal officer. See 18 U.S.C. § 111(a). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

To the extent that Nogbou now argues that the district court should have instructed the jury that he would be allowed to interfere with a reasonable search if he had an objectively reasonable belief that the search was unreasonable, that argument was not made below; Nogbou's counsel expressly disagreed with the district court's statement that the standard was objective, not subjective. Moreover, counsel's suggestion to the district court that a defense could be based on Nogbou's alleged "perception" that the search was unreasonable was inconsistent with his

express agreement with the contrary answer to the jury's question proposed by the district court. "[B]y agreeing that the instruction was satisfactory, [defendant] waived the right to challenge the instruction on appeal." United States v. Polouizzi, 564 F.3d 142, 153 (2d Cir. 2009). Even if we reached this claim, it would be meritless, as it would be unlawful to interfere with a search based on a belief that the officer acted unreasonably. See Maryland v. Macon, 472 U.S. 463, 470 (1985). ("Whether a Fourth Amendment violation has occurred turns on an objective assessment of the officer's actions." (internal quotation marks omitted)).

The district court was also correct to deny the defense's request for an instruction on the right to resist excessive force, as there was no evidence presented of excessive force being used. See Anderson v. Branen, 17 F.3d 552, 556 (2d Cir. 1994) ("A litigant is entitled to an instruction on a claim where that claim is supported by evidence of probative value.").

Finding no merit in Nogbou's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK